## Lester Wallis *vs.* William Sparks.

### *Error to Muscatine.*

Writ of error will only lie where there has been a final judgment in the Court below. Where judgment has been arrested, if the plaintiff feels thereby aggrieved, and wishes to test the decision of the court thereon, he may move for judgement against himself, which will be ordered. as a matter of course, upon which he may bring his writ of error.

In this case the verdict in the court below was for the plaintiff, Wallis, who was also the plaintiff below. Judgment, however, was never rendered thereon, having been arrested by the defendant. The plaintiff then brought his writ of error in order to set aside the arrest.

WHICHER, for defendant, moved to dismiss the *writ*, because there was no final judgment in the court below.

BY THE COURT, MASON, CHIEF JUSTICE.—The motion in this case must be sustained. Strictly speaking, perhaps the motion should have been to quash the writ of error, but the difference is not very material.

Writs of error will only lie where there has been a final judgment in the court below. This in general only embraces those decisions and determinations of the court which would be a bar to another action for the same cause. The arrest of judgement is in no case such a bar.

The parties must wait 'till there is a final judgment of some kind, when the whole proceedings below may be brought before the appellate court by a writ of error.

The plaintiff in this case might have moved for judgment against himself in the District Court which would have been ordered as a matter of course, (Fish *vs*. Featherwax, 2 Johnson's cases, 215, and Horne *vs*. Barney, 19 Johnson's Reports, 247,) or he might have retraced his steps and accommodated his proceedings, to suit the views of the court until he had obtained final judgment. After which, in either case, if he had felt himself aggrieved, he might have brought the whole matter here for review.